**Dated: December 11, 2013,  09:14 AM**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CENTURION OIL, INC., | ) | Case No. 92-12048-SAH |
| | ) | Chapter 7 |
| Debtors. | ) | |

### ORDER FOR DISBURSEMENT OF FUNDS

Pursuant to orders entered by this court on October 26, 1992, and December 18, 1992, respectively, monies were deposited in the court registry representing oil and gas production proceeds attributable to the debtor's interest in certain oil and gas wells. Subsequently, the case was dismissed by Order of Dismissal, Docket Entry 86, entered on September 29, 1993. Notwithstanding the dismissal, the funds previously deposited remain in the court registry account at Bank of Oklahoma. On May 13, 2008, an order, Docket Entry 95, was entered directing the payment of unclaimed funds to Centurion Oil, Inc. For five years and six months, no additional requests for payment of these funds have been presented to the Court.

Chapter 10, Unclaimed Funds, in the Guide to Judiciary Policy, establishes procedures for maintaining unclaimed registry funds. Specifically, Section 1020.30.10 states:

Case: 92-12048   Doc: 97   Filed: 12/11/13   Page: 2 of 3

> "(a) If unclaimed funds are held in the court's Registry Fund, Deposit Fund, or deposited outside the U.S. Treasury in a commercial bank account, the money must be retained for a defined period of time before the money is eligible for transfer to Unclaimed Funds.
>
> 1) Registry Fund
>    Unclaimed funds held in the registry fund must be retained in the registry fund for the following period of time before the money is eligible for transfer:
>    (A) at least **five years**. . . " (Id.)

Accordingly, these registry funds have been held for the appropriate length of time.

The Guide, Id. at § 1020.30.20, further states that to be eligible for transfer to Unclaimed Funds the funds must meet all of the following criteria:

1. The amount must be $25 or more;
2. A refund, upon claim, is absolutely and unequivocally justified;
3. There is no doubt as to the legal ownership of the funds;
4. A named individual, business, or other entity can be identified with the items;
5. The case is closed or adjudicated; and
6. Appropriate retention requirements have been met.

These funds amount to $30,886.77 plus interest which continues to accumulate; a refund would be justified to Centurion Oil; the funds are owned by Centurion Oil pursuant to order of Judge Weaver as docket entry 95; Centurion Oil can be identified with the funds; the case has been dismissed; and the funds have been held for five years. All criteria for transfer of these registry funds to unclaimed funds have been met. An order of the Court is required to release the monies pursuant to the Court's agreement with the depository bank.

Registry fees are computed as directed by policy of the United States Judicial Conference and established by the Director of the Administrative Office of U.S. Courts. Registry fees will continue to accrue until the monies are paid from the Court's registry account. The registry fees will be recomputed at the time of withdrawal of the funds.

IT IS THEREFORE ORDERED that all funds on deposit to the account of the court registry in Bank of Oklahoma, which were deposited pursuant to the above orders,

together with all interest accrued thereon, less registry fees paid to the Court, shall be distributed and disbursed herewith to United States Bankruptcy Court, Western District of Oklahoma, to be deposited to the U.S. Treasury as Unclaimed Funds belonging to Centurion Oil, Inc.

###

Dated:   December 10, 2013

Prepared by:
s/Sheila J. Sewell
Sheila J. Sewell, OBA #8094
Chief Deputy Court Clerk
U.S. Bankruptcy Court
Western District of Oklahoma
215 Dean A. McGee Avenue, Suite 147
Oklahoma City, OK 73102
(405) 609-5700
(405) 609-5752
Sheila_sewell@okwb.uscourts.gov